## Commonwealth v. Frailey Township

*Martha M. Traylor,* for Department of Environmental Resources.

*Bruce C. Adams,* for appellant.

By GOLDBERG, member of the Board, March 9, 1973.—This matter involves an order of the Department of Environmental Resources of May 23, 1972, which requires Frailey Township to join with the Borough of Tremont in planning, financing and constructing joint sewage treatment facilities. The Borough of Tremont, in compliance with a previous order of the department, created the Tremont Sewage Authority, which employed engineers to plan and design a sewage treatment facility for the borough. Further, it has indicated its willingness to enter into a "reasonable agreement" with Frailey Township, but the township supervisors are unwilling to do so. Tremont is concerned that its applications for grants will be delayed by the fact that it is unable to comply with the order of the Department of Environmental Resources of May 23, 1972, for reasons beyond its control. All of the necessary plans and designs for installation of a sewage treatment system for the Borough of Tremont have been completed, and have been filed for approval with the Department of Environmental Resources.

In its notice of appeal, and at the hearing of this matter on Thursday, September 21, 1972, Frailey Township acknowledged that there is no public water system in the township and no source of water for a public water system, and that the individual wells used by the residents are not adequate to operate a sewage disposal system. Their basic argument, however, is that

Frailey Township cannot afford to join with the Borough of Tremont in a joint sewage treatment facility.

## FINDINGS OF FACT

1. The parties and the issues in the above-captioned matter are properly before the Environmental Hearing Board, which has jurisdiction thereof.

2. The record clearly indicates that sewage treatment facilities and methods in Frailey Township are inadequate to prevent unsanitary and unhealthful discharges into Good Spring Creek.

3. Frailey Township, and the Village of Donaldson, which is the only populated portion of the township, is an economically depressed area. It has a total population of 354, consisting of about 195 children, 158 persons dependent upon Social Security and Public Welfare, and 68 nonworking housewives. There are approximately 133 persons in the entire township who are possible wage earners, capable of producing average earnings estimated to be approximately $4,500 to $5,000 per wage earner per year.

4. The total revenues received into the township general fund for the year 1971 was $17,575.37. There are no moneys available in the general fund at present to pay for engineering plans and studies, nor for engineering plans for a public collection and disposal system.

5. The present assessed valuation of all homes and buildings in the township is $181,320. The total assessed valuation, including coal lands, is $579,188.

6. In addition to receiving pollution from the discharge of sewage resulting from residential use, Good Spring Creek is also polluted by mine acids and mine wastes from adjoining mining properties.

7. The sewage treatment program planned by the

Borough of Tremont would, in the judgment of the Department of Environmental Resources, meet the effluent criteria for discharge to waters of the Commonwealth. The plans of the Borough of Tremont include Frailey Township. These plans, as currently proposed by Tremont, make provision for facilities which will, when constructed, enable Frailey Township to comply with the requirements of the Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.301, et seq.

8. It is feasible as an engineering matter for the Borough of Tremont to construct and operate its sewage treatment facility, including provision for the collection and treatment of sewage emanating from Frailey Township, and to obtain reimbursement for that portion of the cost related to Frailey Township by direct charge to the residents of the township, or by other methods of periodic reimbursement.

9. Frailey Township has made no attempt to borrow money to meet the expense of establishing a sewage treatment facility, either on its own initiative or in cooperation with the Borough of Tremont. The township has made no attempt to explore the possibility of raising tax revenues for this purpose.

## DISCUSSION

None of the parties denies that untreated or inadequately treated sewage emanating from Frailey Township, is in clear violation of the Clean Streams Law, supra, 35 PS §§691.201 and 691.202.

Nor do the parties contest the authority of the Department of Environmental Resources, acting under 35 PS §691.203(a) of the Clean Streams Law, to order a municipality to construct a sewage treatment facility where such violations have been demonstrated to exist.

The Borough of Tremont, in compliance with the order of the department, has acted diligently in taking the steps necessary to comply with the order. Frailey Township, on the other hand, has simply entered a plea of poverty, and, as the record clearly shows, has failed to cooperate with the Borough of Tremont in working out a feasible financial arrangement for a joint system.

Although it is true that Frailey Township is an economically depressed area, and although its resources are limited, the record also clearly demonstrates that no real effort has been made to explore the financial resources available to the township. Both private and governmental financing is available through a number of sources, and the Borough of Tremont has explored these sources. Frailey Township has not.

It is not for the Department of Environmental Resources or for this board to dictate to the Borough of Tremont the manner in which it shall finance its participation in the joint sewage treatment system which the department has ordered. Suffice it to say that the township has not shown this board that it has made a good faith effort to cooperate with the Borough of Tremont, nor has it demonstrated that it has exhausted its means of obtaining financial support for this essential work.

Under the circumstances, appellant not having contested the validity of the Department of Environmental Resources order, and having merely raised the general excuse of alleged inability to finance its participation therein, the appeal must be dismissed. Accordingly, we enter the following

## ORDER

The appeal of Frailey Township from the order of the Department of Environmental Resources dated

May 23, 1972, is hereby dismissed, and the said township is hereby ordered to comply therewith without delay. Should Frailey Township fail or refuse to take diligent action in compliance with the order of the Department of Environmental Resources and with this order of the Environmental Hearing Board, the Department of Environmental Resources is hereby directed to take such action with respect to the said township as may be necessary to impose sanctions and penalties as are provided by law.